IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHARON WILT,
    Individually, and on behalf of a class
    of similarly-situated persons,

                Plaintiff,

v.

HOUSEHOLD LIFE INSURANCE COMPANY,    CIVIL ACTION NO.  2:14-cv-31400

    Defendant/Third-Party Plaintiff,

v.

BENEFICIAL WEST VIRGINIA, INC.

        Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant/Third-Party Plaintiff Pavonia Life Insurance Company of Michigan's Motion for Stay (the "Motion to Stay"). (ECF No. 47.) For the reasons that follow, the Court **GRANTS** this motion.

This case arises out of a "credit-disability insurance policy" Plaintiff alleges she purchased from Defendant Pavonia Life Insurance Company of Michigan f/k/a Household Life Insurance Company ("Pavonia") "in connection with her mortgage loan from Beneficial West Virginia, Inc." ("Beneficial"). (ECF No. 1, Ex. A ¶ 1.) On November 21, 2014, Plaintiff filed the purported class-action Complaint against Pavonia in the Circuit Court of Kanawha County, West Virginia. (ECF

No. 1, Ex. A.) Defendant Pavonia then removed the case to this Court on December 31, 2014, (ECF No. 1), and filed a motion to dismiss the Complaint (the "Motion to Dismiss") on January 7, 2015, (ECF No. 3).

On April 17, 2015, Defendant Pavonia filed a third-party complaint against Third-Party Defendant Beneficial. (ECF No. 19.) On June 30, 2015, Third-Party Defendant Beneficial filed a motion to compel arbitration (the "Motion to Compel"), which requests that the Court order all parties to arbitrate their respective claims. (ECF No. 34.)

Subsequently, on August 21, 2015, Defendant Pavonia filed the Motion to Stay, which requests that the Court stay this matter pending its ruling on the Motion to Dismiss and Motion to Compel.[1] (ECF No. 47.) Plaintiff filed an opposition brief to the Motion to Stay on September 4, 2015, (ECF No. 51), and Defendant Pavonia filed a reply brief in support of this motion on September 14, 2015, (ECF No. 52). To date, Third-Party Defendant Beneficial has not filed a brief regarding the Motion to Stay. As such, the Motion to Stay is fully briefed and ready for disposition.

"The decision whether to grant a stay is discretionary, and within the inherent power of the court 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 461 (S.D. W. Va. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). However, "proper use of this [discretion] 'calls for the exercise of judgment which must weigh competing interests and maintain an even balance.'" *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative."

---

[1] In the Motion to Stay, Defendant Pavonia "moves to stay discovery and other deadlines." (*E.g.*, ECF No. 47.) The Court construes this motion as requesting a stay of the entire case and *not* only discovery.

*Id.* "In other words, the court should consider whether the movant has demonstrated 'a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay' will harm someone else." *White*, 969 F. Supp. 2d at 462 (quoting *Williford*, 715 F.2d at 127). Thus, courts in this District have "identified three factors to consider in determining whether to grant a motion to stay: '(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.'" *Id.* (quoting *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 844 (S.D. W. Va. 2008)).

The Court finds that these factors weigh heavily in favor of a stay. First, the interests of judicial economy weigh in favor of a stay, as the pending Motion to Dismiss tests the sufficiency of all claims in Plaintiff's Complaint. (*See* ECF No. 4.) Additionally, the Motion to Compel asserts that all parties' claims are arbitrable. (*See* ECF No. 34.) The resolution of these motions will guide the future of this litigation before this Court, narrow the issues, or potentially terminate this case. It is therefore in the interests of efficiency and judicial economy to expeditiously resolve these motions prior to continued discovery and motion practice in this case.

Second, Defendant Pavonia has shown that equitable interests factor in favor of granting the Motion to Stay. In particular, the Court's rulings on the Motion to Dismiss and the Motion to Compel will largely determine the scope of Defendant Pavonia's future discovery and briefing in this matter—as well as the future efforts of Third-Party Defendant Beneficial.

Finally, Plaintiff will face minimal prejudice by a short stay in this matter. Plaintiff filed the case under a year ago and it is still early in the discovery process. A relatively short stay in the potentially expensive discovery in this matter will not cause Plaintiff to suffer any particular hardship.

3

For the foregoing reasons, the Court finds that Defendant Pavonia has satisfied its burden to show clear and convincing circumstances in favor of a short stay that outweigh any potential harm to Plaintiff. However, the stay in this case shall extend no longer than **60 days** from the date of this Memorandum Opinion and Order. Accordingly, the Court **GRANTS** the Motion to Stay, (ECF No. 47), insofar as it requests a stay of this case, and **STAYS** this case until further order of the Court. The Court **ORDERS** the Clerk to remove this case from the active docket of the Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 16, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE